**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kenneth Dion McCHRISTON,**
**Defendant–Appellant.**

**No. 09–10955**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 17, 2009.

Donna Lee Elm, Rosemary T. Cakmis, Federal Public Defender, Orlando, FL, for Defendant–Appellant.

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Kenneth Dion McChriston appeals from the district court's denial of his motion for a reduced sentence, filed pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 to the Sentencing Guidelines. McChriston argues that he was eligible for a sentence reduction because his sentence was not based upon the statutorily enhanced minimum sentence in 21 U.S.C. § 841(b)(1)(A)(iii), and that the district court should have applied *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), in his § 3582(c)(2) proceeding to redetermine the amount of drugs for which he was responsible. After thorough review, we affirm.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir.2008).

A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable policy statements, found in U.S.S.G. § 1B1.10, provide that a sentence reduction is not authorized under § 3582(c)(2) if "[a]n amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Where the statutory minimum sentence exceeds the top end of the applicable guideline range, the statutory minimum becomes the guideline. U.S.S.G. § 5G1.1(b). The Sentencing Commission's application notes indicate that the operation of "a statutory mandatory minimum term of imprisonment" would prevent an amendment from "hav[ing] the effect of lowering the defendant's applicable guideline range." *See* U.S.S.G. § 1B1.10 cmt. n. 1(A).

McChriston's arguments are foreclosed by precedent and the record. McChriston's sentence was based upon an application of the statutory minimum sentence in 21 U.S.C. § 841(b)(1)(A)(iii), and, thus, he was ineligible for a sentence reduction because his applicable guideline range would not be reduced by the application of Amendment 706. *See United States v. Williams*, 549 F.3d 1337, 1341–42 (11th Cir.2008) (holding that a defendant sentenced to statutory minimum was not eligible for a sentence reduction, even where the court at the original sentencing had granted the government's motion under U.S.S.G. § 5K1.1 to sentence below the mandatory minimum). In addition, the district court did not have authority to apply *Apprendi* to redetermine the drug amount because a § 3582(c)(2) proceeding is not a full resentencing. *See United States v. Moreno*, 421 F.3d 1217, 1220 (11th Cir.2005); U.S.S.G. § 1B1.10(a)(3) (noting that proceedings "do not constitute a full resentencing of the defendant").[1]

**AFFIRMED.**

---

1. Moreover, to the extent McChriston suggests otherwise, we have held that neither

---

*United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), nor *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), "prohibit[s] the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the

applicable policy statement by the Sentencing Commission." *United States v. Melvin,* 556 F.3d 1190, 1192 (11th Cir.), *cert. denied,* —— U.S. ——, 129 S.Ct. 2382, 173 L.Ed.2d 1300(2009).